UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

STANLEY SMITH,

                            Petitioner,

v.                                           Case No. 12-CV-1179-JPS

STATE OF WISCONSIN,

                            Respondent.                    ORDER

On November 19, 2012, petitioner Stanley Smith ("Smith") filed a petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. After a jury trial in Milwaukee County Circuit Court, Smith was convicted of Manufacture/Delivery of Cocaine and Possession of THC, violations of Wis. Stat. § 961.41(1)(cm)1g and 961.41(3g)(e), respectively. Smith was sentenced to a maximum term of seven years imprisonment.

From the record it is unclear whether Smith is actually currently confined to a correctional facility. His submissions to this Court were made from a residential address on 38th Street in Milwaukee, Wisconsin, and he does not allege that he is currently incarcerated. In the case he is not currently confined, *habeas corpus* is an inappropriate remedy.

However, even if the Court assumes that Smith is currently incarcerated, *habeas corpus* relief is still inappropriate in this case, and the Court must, therefore, dismiss it. Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts authorizes a district court to conduct an initial screening of *habeas corpus* petitions and to dismiss a petition summarily where "it plainly appears from the face of the petition…that the

petitioner is not entitled to relief." This rule provides the district court the power to dismiss both those petitions that do not state a claim upon which relief may be granted and those petitions that are factually frivolous. *See Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993). Upon an initial Rule 4 review of *habeas* petitions, the court will analyze whether the petitioner has avoided statute of limitations bars, exhausted available state remedies, avoided procedural default, and set forth cognizable constitutional or federal law claims.

The court begins its Rule 4 review by examining the timeliness of Smith's petition. A state prisoner in custody pursuant to a state court judgment has one year from the date "the judgment became final" to seek federal *habeas* relief. 28 U.S.C. § 2244(d)(1)(A). A judgment becomes final within the meaning of § 2244(d)(1)(A) when all direct appeals in the state courts are concluded followed by either the completion or denial of certiorari proceedings in the U.S. Supreme Court, or if certiorari is not sought, at the expiration of the 90 days allowed for filing for certiorari. *See Anderson v. Litscher*, 281 F.3d 672, 675 (7th Cir. 2002).

The court must also determine whether Smith has exhausted his state remedies. The district court may not address the merits of the constitutional claims raised in a federal *habeas* petition "unless the state courts have had a full and fair opportunity to review them." *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991). Accordingly, a state prisoner is required to exhaust the remedies available in state court before a district court will consider the merits of a federal *habeas* petition. 28 U.S.C. § 2254(b)(1)(A). If a federal *habeas* petition has even a single unexhausted claim, the district court must

dismiss the entire petition and leave the petitioner with the choice of either returning to state court to exhaust the claim or amending or resubmitting the petition to present only exhausted claims. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982); *Rhines v. Weber*, 544 U.S. 269, 278 (2005). A prisoner exhausts his constitutional claim when he presents it to the highest state court for a ruling on the merits. *Simmons v. Gramley*, 915 F.2d 1128, 1132 (7th Cir. 1990). Once the state's highest court has had a full and fair opportunity to pass upon the merits of the claim, a prisoner is not required to present it again to the state courts. *Humphrey v. Cady*, 405 U.S. 504, 516 n.18 (1972).

Finally, the Court reviews Smith's petition under Rule 4 to determine whether he has procedurally defaulted on any of his claims. Even though a constitutional claim in a federal *habeas* petition has been exhausted, the Court is still barred from considering the claim if it has been procedurally defaulted by the petitioner. *See Mahaffey v. Schomig*, 294 F.3d 907, 915 (7th Cir. 2002). A state prisoner procedurally defaults on a constitutional claim in a *habeas* petition when he fails to raise the claim in the state's highest court in a timely fashion. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999). A state prisoner may also procedurally default on a constitutional claim in a *habeas* petition by failing to raise the claim in a manner prescribed by state procedural laws. *See Thomas v. McCaughtry*, 201 F.3d 995, 1000 (7th Cir. 2000).

Here, Smith never filed a direct appeal, which ultimately bars this *habeas* proceeding. (Petition, Ex. H (Docket #1, 51–55), at ¶ 2). Smith never raised any of his constitutional claims to the state's highest court (let alone its intermediate court), and, therefore, deprived those courts from addressing those claims. *See, e.g.*, *O'Sullivan*, 526 U.S. at 848; *Thomas*, 201 F.3d at 1000. His

failure to engage in a direct appeal similarly prevents this Court from determining that he exhausted his claims. He never engaged in a direct appeal and, therefore, the Court cannot determine that Smith exhausted his state procedural remedies. However, even if Smith had exhausted his claims, those claims would still be untimely, as Smith's conviction became final not later than 90 days after July 26, 2004—the date on which Smith's judgment of conviction became final and was not appealed.

For these reasons, the Court is obliged to dismiss Smith's claims, pursuant to Rule 4, because it plainly appears from the face of the petition that Smith is not entitled to *habeas* relief.

Accordingly,

IT IS ORDERED that the Petition for a Writ of *Habeas Corpus* (Docket #1), be and the same is hereby DISMISSED without prejudice.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 30th day of November, 2013.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge